PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JABARI J. JOHNSON,

      Plaintiff,

   v.                                     6:24-CV-06301-EAW
                                                 ORDER

MAJOR CHRISTOPHER TENORIO and
HSA GEOFFREY CALLOWAY,

      Defendants.
_____

       *Pro se* plaintiff Jabari J. Johnson ("Plaintiff") is a prisoner confined at the Colorado State Penitentiary in Cañon City, Colorado. (Dkt. 1). He filed a complaint asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (Dkt. 1), but he did not pay the filing fee nor did he submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it). Accordingly, the Clerk of Court shall administratively terminate this action.

## DISCUSSION

       A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $55.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial Conference

---

[1]    Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. *See generally id.* Effective December 1, 2023, this fee was increased to $55.00. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3]  If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, under 28 U.S.C. § 1915.

**I.      NO FEE AND NO MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff filed this complaint without paying the filing fee and without requesting to proceed *in forma pauperis*.  A prisoner who wants to proceed *in forma pauperis*, must meet certain requirements under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Plaintiff is an experienced *pro se* litigant[4] and the Court assumes he is aware of the requirements for initiating a civil suit *in forma pauperis* in federal district court.  These include: (1) an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee; (2) a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed; and (3) a signed authorization form, permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account.  *See* 28 U.S.C. § 1915.

---

[2]      Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3]      Available at http://www.nywd.uscourts.gov/fee-schedule.

[4]      A search of Plaintiff's name in the Public Access to Court Electronic Records ("PACER") system for the District of Colorado, the District in which he is incarcerated, reveals he is the plaintiff in over 150 civil actions.

Because Plaintiff failed to properly commence these proceedings, this case will be administratively closed.  The Court will provide Plaintiff an opportunity to either pay the required filing and administrative fees or submit a properly completed motion to proceed *in forma pauperis*, with a signed authorization, no later than **thirty (30) days from the date of this Order**.[5]

---

[5]    The Court is aware that Plaintiff is subject to filing sanctions in the District of Colorado, *see Johnson v. Hawkins*, No. 19-cv-3730-GPG (D. Colo. Mar. 4, 2020), Dkt. 10 (injunction order limiting Plaintiff's ability to file civil actions in the District of Colorado for his "malicious and abusive" pattern of litigation) and that the District of Colorado has previously determined that Plaintiff accrued "three strikes" under 28 U.S.C. § 1915(g), *see Johnson v. Allen*, 20-cv-01009-LTB (D. Colo. Apr. 29, 2020), Dkt. 7 at 2 (noting that Plaintiff accrued three strikes under 28 U.S.C § 1915(g) on March 6, 2020).  This so-called "three strikes rule," *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002), bars prisoners from proceeding *in forma pauperis* who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .

The Court further notes that all the events underlying the claims asserted in the complaint are alleged to have occurred in Colorado, the individual defendants are located in Cañon City, Colorado, and there appears to be no basis for venue in the Western District of New York under 28 U.S.C. § 1391(b).  In light of these circumstances, it appears that Plaintiff may have filed this case in the Western District of New York to evade the sanctions in place against him in the District of Colorado.  *See Johnson v. Brady*, 24-cv-390-SBP (D. Colo. Feb. 12, 2024), Dkt. 8 at 3 (finding that Plaintiff engaged in a "bad faith attempt to circumvent the filing restrictions imposed" in *Hawkins*, 19-cv-3730-LTB, when he filed a complaint in the District of New Mexico which was then transferred to the District of Colorado where venue was proper); *Johnson v. Hill*, 21-cv-114-WMR-JSA, 2021 WL 11718256, at *1 (N.D. Ga. Jan. 14, 2021) (noting Plaintiff's attempts to forum shop by filing "numerous complaints in federal district courts all over the country").  Plaintiff is forewarned that the Court will review these issues if Plaintiff's case is reopened and that his complaint may be subject to dismissal based on, *inter alia*, lack of venue and vexatiousness; and that any application for *in forma pauperis* status may be denied under 28 U.S.C. § 1915(g).

**CONCLUSION**

ORDERED that the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify this Court, in writing, no later than **thirty (30) days from the date of this Order**.  This writing must include either (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of Plaintiff's inmate trust fund account (or the institutional equivalent) and authorization form or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that upon Plaintiff's submission of either (1) a motion to proceed *in forma pauperis* along with the required certification of Plaintiff's inmate trust fund account and authorization form or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total), the Clerk of Court shall reopen this case without further order.

SO ORDERED.

ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:        October 7, 2024
              Rochester, New York